# UNITED STATES DISTRICT COURT
District of Montana

| UNITED STATES OF AMERICA | Amended Judgment in a Criminal Case |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| DAYNA JEAN BEAR | |

Case No. CR 10-56-GF-BMM-04
USM No. 10847-046

Evangelo Arvanetes
*Defendant's Attorney*

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s) ___as listed below___ of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 (Standard condition) | Criminal association | 01/14/2015 |
| 2 (Special condition) | Failure to participate in mental health treatment | 01/27/2015 |
| 3 (Standard condition) | Criminal association | 03/31/2015 |
| 4 (Special condition) | Failure to participate in mental health treatment | 06/05/2015 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s) __7, 11__ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 7149

Defendant's Year of Birth: 1973

City and State of Defendant's Residence:
Billings, MT

04/18/2017

*Signature of Judge*

Brian Morris   United States District Judge
*Name and Title of Judge*

04/24/2017
Date

DEFENDANT: DAYNA JEAN BEAR
CASE NUMBER: CR 10-56-GF-BMM-04

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 5 (Special condition) | Failure to participate in substance abuse testing | 06/15/2015 |
| 6 (Special condition | Failure to participate in mental health treatment | 05/17/2016 |
| 8 (Special condition) | Use of alcohol | 11/29/2016 |
| 9 (Standard condition) | Use of controlled substance | 11/27/2016 |
| 10 (Standard condition) | Failure to submit written report to USPO | 02/21/2017 |
| 12 (Standard condition) | Use of controlled substance | 02/17/2017 |
| 13 (Standard condition) | Criminal association | 02/19/2017 |

DEFENDANT: DAYNA JEAN BEAR
CASE NUMBER: CR 10-56-GF-BMM-04

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

3 months

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAYNA JEAN BEAR
CASE NUMBER: CR 10-56-GF-BMM-04

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : 3 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: DAYNA JEAN BEAR
CASE NUMBER: CR 10-56-GF-BMM-04

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

DEFENDANT: DAYNA JEAN BEAR
CASE NUMBER: CR 10-56-GF-BMM-04

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in the pre-release component, or a substance abuse treatment center for a period of 6 months, or a lesser period that the probation officer deems appropriate. The defendant shall abide by all rules and regulations of the center and successfully complete any programming as deemed appropriate by the United States Probation Office.

2. The defendant shall participate in and complete a program of substance abuse treatment as approved by the United States Probation Office, until the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.

3. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

4. The defendant shall participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch tests annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.

5. The defendant shall not ingest or inhale any toxic substances such as, but not limited to, synthetic marijuana and/or synthetic stimulants that are not manufactured for human consumption, for the purpose of altering their mental or physical state.

6. The defendant shall not purchase, possess, use, distribute or administer marijuana, or obtain or possess a medical marijuana card or prescription. This condition supersedes standard condition number 7 with respect to marijuana only.

7. The defendant shall submit their person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

8. The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Officer, until such time as the defendant is released from the program by the probation officer. The defendant is to pay part or all of the cost of this treatment, as directed by the United States Probation Office.